| STATE OF LOUISIANA | * | NO. 2025-K-0503 |
| VERSUS | * | COURT OF APPEAL |
| RONALD BROOKS | * | FOURTH CIRCUIT |
| | * | STATE OF LOUISIANA |

* * * * * * *

APPLICATION FOR WRITS DIRECTED TO
CRIMINAL DISTRICT COURT ORLEANS PARISH
NO. 390-582, SECTION "I"
Honorable Leon T. Roche, Judge
* * * * * *
**Judge Rachael D. Johnson**
* * * * * *

(Court composed of Judge Joy Cossich Lobrano, Judge Rachael D. Johnson, Judge
Monique G. Morial)

Jason R. Williams
DISTRICT ATTORNEY
Brad Scott
CHIEF OF APPEALS
Peter J. Vesich
ASSISTANT DISTRICT ATTORNEY
PARISH OF ORLEANS
619 S. White St.
New Orleans, LA 70119

COUNSEL FOR RELATOR, THE STATE OF LOUISIANA

**WRIT GRANTED; JUNE 17, 2025
ORDER VACATED; POST-
CONVICTION APPLICATION
DISMISSED; AUGUST 14, 2025
ORDER OF STAY LIFTED
   SEPTEMBER 30, 2025**

*RDJ*
*JCL*
*MGM*

Relator, the State of Louisiana, seeks review of the district court's June 17, 2025 order overruling the State's procedural objections to Respondent, defendant Ronald Brook's ("Defendant"), post-conviction application. Finding the district court erred, we grant the State's writ application, vacate the June 17, 2025 ruling and dismiss Defendant's application for post-conviction relief. Lastly, this Court's August 14, 2025 order of stay is lifted.

### Procedural History

On July 3, 1997, a bill of indictment was filed charging Defendant with second-degree murder. Following a jury trial, he was found guilty as charged and was later sentenced to life imprisonment without the benefit of probation, parole or suspension of sentence. On the same date as his sentencing, Defendant filed a motion to reconsider sentence and a motion for appeal. The district court granted the motion for appeal, appointing the Louisiana Appellate Project as appellate counsel and denying reconsideration of sentence.

Defendant's conviction and sentence were affirmed on appeal. *See State v. Brooks*, 98-1124, p. 11 (La. App. 4 Cir. 10/20/99), 745 So.2d 129, 135. The Louisiana Supreme Court later denied his writ application, thereby rendering his

conviction and sentence final. *See State v. Brooks*, 99-3504 (La. 5/26/00), 762 So.2d 1102.

Since that time, Defendant has filed five applications for post-conviction relief in the district court, which denied them all. Defendant previously sought supervisory relief to the Court from the denial of his first four post-conviction applications. Each of those writs were denied by this Court and upheld by the Louisiana Supreme Court as follows:

- In 2002, following the denial of Defendant's first application for post-conviction relief, both this Court and the Louisiana Supreme Court denied writs. S*ee State v. Brooks*, 02-0524 (La. App. 4 Cir. 4/18/02) (unpub'd order); *State ex rel. Brooks v. State*, 02-1585 (La. 5/16/03), 843 So.2d 1121.

- In 2006, the district court denied Defendant's second post-conviction application.[1] Defendant filed a writ application to this Court, asserting an ineffective assistance of counsel claim because his attorney allegedly failed to perform an investigation to reveal that he suffered from, *inter alia,* mental health problems at the time of the offense, rendering him incapable of forming the specific intent to kill or inflict great bodily harm to sustain a second-degree murder conviction. This Court denied writs. S*ee State v. Brooks*, 06-1551 (La. App. 4 Cir. 1/11/07) (unpub'd order). The Louisiana Supreme Court likewise denied relief. *See State ex rel. Brooks v. State*, 07-0382 (La. 11/16/07), 967 So.2d 527.

- Defendant's third application for post-conviction relief was denied by the district court in March 2009. Subsequently, this Court and the Louisiana Supreme Court again denied relief. S*ee State v. Brooks*, 09-0408 (La. App. 4 Cir. 4/17/09) (unpub'd order); s*ee also State ex rel. Brooks v. State*, 09-1216 (La. 4/5/10), 31 So.3d 359.

- In April 2013, the district court denied Defendant's fourth application for post-conviction relief. Defendant re-raised claims denied by this Court in writs 06-1551 and 09-0408, in his fourth writ application to this Court.

---

[1] The docket master does not reference the district court's ruling.

2

However, Defendant asserted his claims were not time-barred because he was not appointed counsel to assist him with his first application for post-conviction relief. This Court denied writs, *State v. Brooks*, 13-0721 (La. App. 4 Cir. 6/12/13), and the Supreme Court also denied relief. *See State ex rel. Brooks v. State*, 13-1666 (La. 1/27/14), 131 So.3d 56.

In Defendant's fifth post-conviction application, at issue here, he resurrected his claim of ineffective assistance of counsel in the district court and averred his mandatory life sentence is excessive. Defendant alleged his trial counsel failed to perform an investigation that would have revealed Defendant, at the time of the offense, suffered from mental health problems and had experienced childhood trauma, rendering him incapable of forming the specific intent necessary to sustain a second-degree murder conviction. Defendant asserted that this post-conviction application is not procedurally barred because it is based on new evidence, specifically, "newly discovered evidence about the effects of trauma on an adolescent's brain," and a recent psychiatric report evaluating the effects of his mental health problems and childhood trauma on his ability to form the requisite specific intent necessary to support his conviction for the 1997 murder.

The State opposed the application, arguing that Defendant's post-conviction application was procedurally barred because it was untimely and repetitive.[2] In its June 17, 2025 order, the district court overruled the State's procedural objections. The Court reasoned that, pursuant to La. Code Crim. Proc. art. 930.8, it had "the discretion in the interest of justice to hear repetitive, untimely or supplemental applications, even when filed outside of the prescriptive periods, if [the untimely petition is] predicated on new facts submitted to the Court within two years of

---

[2] The State also contended that Petitioner's excessive sentence claim was not a valid ground for post-conviction relief.

3

discovery." The district court determined that the instant post-conviction application fell within the above-described exception as it was predicated on "newly discovered evidence by way of an expert report authored by a practicing psychiatrist and newly discovered science regarding adolescent brain development…." The State timely filed the instant writ application and requested a stay of district court proceedings until appellate proceedings are concluded. This Court stayed all proceedings on August 13, 2025, and again on the following day.

## Statement of Facts

The facts of this matter are set forth *Brooks*, 98-1124, pp. 2-7, 745 So. 2d at 130-133. The underlying facts that served as the basis for Defendant's second-degree murder conviction are irrelevant to this matter.

As previously noted, Defendant's instant claim for post-conviction relief is based on his claims of ineffective assistance of counsel due to his counsel's failure to present evidence of Defendant's alleged mental health issues at the time he murdered victim Stephen Dillion, and that the mandatory life sentence he received was excessive. Defendant's conviction was based primarily on the testimony of witnesses James Moses Sterling and Carl Odoms, who both knew Defendant and the victim and were also aware that the two had been involved in an altercation approximately two weeks prior to the shooting. *Id.*

Mr. Sterling testified that he heard five gunshots in the vicinity where the victim's vehicle was parked and soon thereafter, saw Defendant run alongside Mr. Sterling's residence and jump over a fence. *Id.*, 98-1124, p. 2, 745 So.2d at 130-31. Mr. Sterling stated that Defendant was holding his waistband when he jumped over the fence and a black revolver fell out of Defendant's waistband. *Id.*, 98-1124, p. 2, 745 So.2d at 131.

4

Mr. Odoms testified that he saw Defendant shoot the victim. *Id.*, 98-1124, p. 3, 745 So.2d at 131. He explained that Defendant fired one shot at the victim and then fired a second round after the victim fell. He then witnessed Defendant run away and "jump[] over a gate." *Id.*[3]

## DISCUSSION

The State contends that the district court erred in failing to find Defendant's fifth post-conviction application barred as untimely and repetitive pursuant to La. Code Crim. Proc. arts. 930.8 and 930.4. Defendant counters that his application for post-conviction relief should be considered given that his claims are based on newly discovered evidence which, as this Court recognized in *State v. Finch*, 17-0658, pp. 3-4 (La. App. 4 Cir. 9/20/17), 410 So.3d 240, 242, "is an exception to arts. 930.8 and 930.4." We disagree, finding that Defendant's claims are time-barred and prohibited as successive and repetitive.

In La. Code Crim. Proc. art. 930.8(A)(1), entitled *Time limitations; exceptions; prejudicial delay*, a general two-year time-limitation is set forth for filing post-conviction applications as well as an exception for newly discovered facts:

> No application for post-conviction relief, including applications which seek an out-of-time appeal, shall be considered if it is filed more than two years after the judgment of conviction and sentence has become final under the provisions of Article 914 or 922, unless any of the following apply:
>
> > The application alleges, and the petitioner proves or the state admits, *that the facts upon which the claim is predicated were not known to the petitioner or his prior attorneys.* Further, the petitioner shall prove that he exercised diligence in attempting to discover any post-conviction claims that may exist. "Diligence" for the

---

[3] In the instant application for post-conviction relief, Defendant does not deny that he shot and killed the victim; he makes no claim of actual innocence.

purposes of this Article is a subjective inquiry that must take into account the circumstances of the petitioner. Those circumstances shall include but are not limited to the educational background of the petitioner, the petitioner's access to formally trained inmate counsel, the financial resources of the petitioner, the age of the petitioner, the mental abilities of the petitioner, or whether the interests of justice will be served by the consideration of new evidence. New facts discovered pursuant to this exception shall be submitted to the court within two years of discovery. [Emphasis added.]

In an effort to fall under the above-emphasized exception, Defendant relies on a new report authored by a psychiatrist, Dr. Denese Shervington, calling into question his mental state at the time of the 1997 murder and presents "newly discovered science regarding adolescent brain development," neither of which were presented in any of his prior post-conviction petitions.[4]

In a factually similar case, *State v. Finch*, 17-0658 (La. App. 4 Cir. 9/20/17), 410 So.3d 240, the defendant filed his second post-conviction application years after the expiration of the two-year time limitation of La. Code Crim. Proc. art. 930.8(A)(1). Defendant asserted in his post-conviction application that his trial counsel was ineffective due to his failure to investigate defendant's mental capacity at the time of the murder. *Id.*, 17-0658, pp. 2-3, 410 So.3d at 241. The State procedurally objected to the defendant's application as untimely and repetitive. *Id.*, 17-0658, p. 3, 410 So.3d at 241 The defendant asserted that his untimely post-conviction application fell under the exception to the two-year time limitation of art. 930.8(A)(1) because it was based on a new expert report from a psychiatrist reflecting that at the time of the murder the defendant "suffered from multiple mental illnesses." *Id.*, 17-0658, p. 4, 410 So.3d at 242. The district court

---

[4] *See* exhibit D, Petitioner's reply to the State's procedural objections, p. 4.

denied the State's procedural objections and the State filed an application for supervisory review with this Court. *Id.*, 17-0658, p. 3, 410 So.3d at 242.

This Court granted the State's writ and reversed the district court's ruling, reasoning:

> An allegation that a defendant suffered from mental health issues at the time of the murder, which occurred sixteen years ago, is not the type of evidence the legislature contemplated when it authorized substantive consideration of otherwise time-barred post-conviction applications based on "facts upon which the claim is predicated were not known to the petitioner or his prior attorneys."

*Id.,* 17-0658, p. 5, 410 So.3d at 243.

Based upon this Court's decision in *Finch*, we find Dr. Shervington's report— calling into question Defendant's mental state at the time of a murder he committed over twenty-five years ago—is insufficient for the purpose of overcoming the statutory two-year time bar of art. 930.8(A)(1). Defendant's reliance, for purposes of overcoming the two-year time limitation, upon "newly discovered science regarding adolescent brain development" is misplaced.

Evidence regarding adolescent brain development; how an adolescent brain differs from an adult brain is not a novel discovery. It was recognized as early as 2010, when the United States Supreme Court, in *Graham v. Florida*, 560 U.S. 48, 68, 130 S.Ct. 2011, 2026, 176 L.Ed.2d 825, recognized the difference.[5] Once again, as with Dr. Shervington's psychiatric report, newly discovered science regarding Defendant's brain development over twenty-five years ago, when he committed the murder, is "not the type of evidence the legislature contemplated

---

[5] In his reply to the State's procedural objections, Defendant notes his lack of education and financial resources which left him "wholly reliant on the limited and inadequate legal resources available within the Louisiana State Penitentiary, commonly known as Angola." However, seminal Supreme Court decisions, such as *Graham*, are arguably available to Angola counsel and, in turn, to the prisoners they assist.

7

when it authorized substantive consideration of otherwise time-barred post-conviction applications based on 'facts upon which the claim is predicated were not known to the petitioner or his prior attorneys.'" *Finch*, 17-0658, p. 5, 410 So.3d at 243. Therefore, Defendant's alleged newly discovered evidence does not provide a valid basis upon which to overcome the two-year time limitation set forth in Article 930.8.

Moreover, Defendant's alleged newly discovered evidence does not provide a valid basis to overcome the prohibition against a successive application set forth in La. Code Crim. Proc. art. 930.4(D) and La. Code Crim. Proc. art. 930.4(E). Article 930.4(D) provides that "[a] successive application shall be dismissed if it fails to raise a new or different claim." Defendant, in his second post-conviction application, asserted, as he does in the instant application, that his trial counsel was ineffective for failing to perform an investigation that would have revealed that at the time of the offense he suffered from, *inter alia,* mental health problems, which mitigated the necessary specific intent element of second-degree murder. As discussed above, the alleged "new evidence" supporting his claim in this regard does not excuse the delay in presenting it. Additionally, Article 930.4(E) provides that "[a] successive application shall be dismissed if it raises a new or different claim that was inexcusably omitted from a prior application." Defendant's reliance on alleged new scientific evidence regarding adolescent brain development does not excuse his failure to set forth his claim earlier since, as discussed above, such evidence was available earlier and any "new" studies in this regard are cumulative.

We additionally note that "[t]he benchmark for judging any claim of ineffectiveness [of counsel] must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as

8

having produced a just result." *Strickland v. Washington*, 466 U.S. 668, 686, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984). Here, Defendant fails to show any error his counsel committed "undermined the proper functioning of the adversarial process [such] that the trial cannot be relied on as having produced a just result." *Id.*

Lastly, Defendant's claim that the mandatory life sentence imposed upon him was excessive is not cognizable procedurally on collateral review. *See State v. Brown*, 24-00467 (La. 9/4/24), 391 So.3d 1046 (*per curiam*) (citing La. Code Crim. Proc. art. 930.3; *State ex rel. Melinie v. State*, 93-1380 (La. 1/12/96), 665 So.2d 1172) (*per curiam*). This procedural barrier precludes this Court's review.

Thus, considering that Defendant's fifth application for post-conviction relief lacks merit and is procedurally barred, we vacate the district court's grant of the Defendant's post-conviction application and dismiss his application for post-conviction relief.

**DECREE**

For the foregoing reasons, the State's writ application is granted. The June 17, 2025 district court ruling is vacated and this matter is dismissed. This Court's August 14, 2025 order of stay is lifted.

**WRIT GRANTED; JUNE 17, 2025 ORDER VACATED; POST-CONVICTION APPLICATION DISMISSED; AUGUST 14, 2025 ORDER OF STAY LIFTED**

9